## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **1:19-cv-10927-NRB** |
| **- v. -** | **DEFENDANT PARKER H. PETIT'S ANSWER AND DEFENSES** |
| **MIMEDX GROUP INC., PARKER H. PETIT, WILLIAM C. TAYLOR, MICHAEL J. SENKEN,** | **ECF CASE** |
| **Defendants.** | |

Defendant Parker H. Petit, based on his knowledge, information, and belief, hereby answers Plaintiff Securities and Exchange Commission's Complaint, dated and filed November 26, 2019. *See* Complaint, ECF No. 1. In responding to the Complaint, Mr. Petit does not admit that he bears the burden of proving any of the defenses set forth below, nor does Mr. Petit admit to the relevance of any of Plaintiff's allegations.

Mr. Petit denies each allegation except where specifically admitted, and in every respect denies that he engaged in any improper conduct, and he denies that Plaintiff is entitled to relief. Where Mr. Petit lacks personal knowledge and information sufficient to form a belief as to the truth of any allegation, Mr. Petit denies the allegation on that basis.

To the extent that any response is required to the Complaint's headings, sub-headings, or any other text that is not contained within a numbered paragraph, Mr. Petit denies each and every

1

allegation in the Complaint's headings, sub-headings, and any other text that is not contained within a numbered paragraph.  Mr. Petit sets forth his answers to each paragraph below.[1]

<u>**SUMMARY**</u>

1.      Mr. Petit admits that MiMedx is a biotechnology company that specializes in selling wound care and surgical products.  Mr. Petit further admits that he is the former CEO and Board Chairman of MiMedx.  Mr. Petit denies the remaining allegations.

2.      Mr. Petit denies the allegations.

3.      Mr. Petit denies the allegations.

4.      Mr. Petit denies the allegations.

5.      Mr. Petit denies the allegations.

6.      Mr. Petit denies the allegations.

7.      Mr. Petit denies the allegations.

8.      Mr. Petit denies the allegations.

9.      Mr. Petit admits that he left his role as CEO of MiMedx in June 2018 and left his role as Board Chairman in September 2018.  Mr. Petit further admits that, in September 2018, MiMedx publicly announced that the Board and the Compensation Committee of the Board had determined that MiMedx would treat Mr. Petit's separation as "for cause," and refers to MiMedx's Form 8-K filed with the SEC on September 20, 2018.  Mr. Petit denies the remaining allegations.

<u>**NATURE OF THE PROCEEDINGS AND REQUESTED RELIEF**</u>

10.     No response to this paragraph is required because it sets forth Plaintiff's claims against Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

---

[1] Unless otherwise specified, capitalized terms have the same definitions as provided in the Complaint.

## JURISDICTION AND VENUE

11.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit admits only that this Court has jurisdiction over the claims asserted in this action.

12.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit admits only that venue lies in this Court and denies the remaining allegations.

## DEFENDANTS

13.     Mr. Petit admits that MiMedx is a biotechnology company and is a Florida corporation headquartered in Marietta, Georgia.  No further response to this paragraph is required to the extent that it purports to characterize or describe documents that speak for themselves.  To the extent that a further response is required, Mr. Petit denies the remaining allegations.

14.     Mr. Petit admits that he is a resident of Roswell, Georgia.  He further admits that he served as CEO and Board Chairman of MiMedx from February 2009 to June 2018. Mr. Petit further admits that he has served as CEO of multiple publicly traded companies.  No further response to this paragraph is required because it states legal conclusions or purports to characterize this action and purports to characterize or describe documents that speak for themselves.  To the extent that a further response is required, Mr. Petit denies the remaining allegations.

15.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent that a response is required, Mr. Petit admits, on information and belief, that Mr. Taylor is a resident of Roswell, Georgia, that Mr. Taylor was President and Chief Operating Officer of MiMedx from October 2011 to June 2018, and that Mr. Taylor served on the

Board of Directors of MiMedx.  To the extent that a further response is required, Mr. Petit denies the allegations.

16.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent that a response is required, Mr. Petit admits, on information and belief, that Mr. Senken is a resident of Roswell, Georgia and that Mr. Senken was Chief Financial Officer of MiMedx from January 2011 to June 2018.  To the extent that a further response is required, Mr. Petit denies the allegations.

## **FACTS**

17.     Mr. Petit admits the statements in this paragraph.

18.     Mr. Petit admits the statements in this paragraph.

19.     No response to this paragraph is required to the extent that it purports to characterize or describe documents that speak for themselves.  To the extent that a further response is required, Mr. Petit denies the allegations.

20.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit admits that MiMedx was required to file quarterly and annual reports with the SEC that presented its financial results in conformity with GAAP.  Mr. Petit denies the remaining allegations.

21.     No response to this paragraph is required to the extent that it purports to characterize or describe GAAP-related documents that speak for themselves.  Further, this paragraph states legal conclusions or purports to characterize this action to which no response is required.  To the extent that a response is required, Mr. Petit denies the allegations.

22.     No response to this paragraph is required to the extent that it purports to characterize or describe SEC filings that speak for themselves.  To the extent that a response is required, Mr. Petit denies the allegations.

23.     Mr. Petit denies the allegations.

24.     Mr. Petit denies the allegations.

25.     No response to this paragraph is required to the extent that it purports to characterize or describe documents that speaks for themselves.  To the extent that a response is required, Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.   To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies those allegations.

26.     Mr. Petit denies the allegations in the first sentence of this paragraph.  As to the second sentence, no response is required to extent that it purports to characterize or a document that speaks for itself.  To the extent a further response is required, Mr. Petit denies the remaining allegations.

27.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the remaining allegations.

28.     Mr. Petit admits that he left his role as CEO of MiMedx in June 2018 and left his role as Board Chairman in September 2018.  No response to the remainder of the paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit further admits that, in September 2018, MiMedx publicly announced that the Board and the Compensation Committee of the Board had determined

that MiMedx would treat Mr. Petit's separation as "for cause," and denies the remaining allegations.

29.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30.     Mr. Petit denies the allegations.

31.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

33.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

34.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

35.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

36.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge

or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

38.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

39.     No response to this paragraph is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

40.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, the paragraph purports to characterize or describe documents that speak for themselves.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit denies the allegations.

42.     Mr. Petit denies the allegations.

43.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

44.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

45.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

46.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

47.     No response to this paragraph is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

48.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

49.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit

presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

50.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

51.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

52.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

53.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

54.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

55.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

56.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

57.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

58.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

59.     Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent a further response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

60.     Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent a further response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

61.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

62.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

63.     Mr. Petit denies the allegations.

64.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

65.     Mr. Petit denies the allegations.

66.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

67.     Mr. Petit denies the allegations.

68.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

69.     Mr. Petit denies the allegations.

70.     Mr. Petit denies the allegations.

71.     Mr. Petit denies the allegations.

72.     Mr. Petit denies the allegations.

73.     Mr. Petit denies the allegations.

74.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

75.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

76.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

77.     Mr. Petit denies the allegations within the first and second sentences of this paragraph.  No response to third sentence is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

78.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

79.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

80.     Mr. Petit denies the allegations.

81.     Mr. Petit denies the allegations.

82.     Mr. Petit denies the allegations.

83.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

84.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

85.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  Furthermore, no response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

86.     Mr. Petit denies the allegations.

87.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

88.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

89.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

90.     Mr. Petit admits only that MiMedx acquired supply of the Orthoflo product from a third-party manufacturer during 2015 but denies the remaining allegations in this paragraph.

91.     Mr. Petit admits that OrthoFlo is a cryopreserved injectable liquid that must be stored at approximately negative 80 degrees Celsius.  To the extent a further response is required, Mr. Petit denies the allegations.

92.   No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

93.   Mr. Petit denies the allegations.

94.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

95.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

96.   Mr. Petit denies the allegations.

97.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

98.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

99.   Mr. Petit denies the allegations.

100.   No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

101.   No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

102.   No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  Furthermore, no response to this paragraph is required because

it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

103.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

104.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

105.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

106.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

107.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

108.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

109.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.   To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

110.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

111.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

112.    No response to the first sentence of this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.   As to the second sentence, no response is required because it states legal conclusions or purports to characterize this action. To the extent a further response is required, Mr. Petit denies the allegations.

113.    Mr. Petit denies the allegations.

114.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

115.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

116.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

117.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

118.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

119.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

120.    Mr. Petit denies the allegations.

121.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

122.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

123.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  Furthermore, no response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

124.    Mr. Petit hereby adopts and incorporates his deposition testimony provided to the SEC on July 24, 25, and 29, 2019.  To the extent there are any allegations in this paragraph not directly addressed by or inconsistent with his deposition testimony, Mr. Petit denies the allegations.

125.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

126.   No response is required because the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

127.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

128.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

129.   Mr. Petit denies the allegations.

130.   No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

131.   No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

132.   Mr. Petit admits only that, on or about January 10, 2016, MiMedx publicly disclosed that it had reached a definitive agreement to purchase a particular distributor for a combination of cash and stock and refers to the public statement issued by MiMedx.  Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

133.   No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  Furthermore, no response to this

paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

134.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

135.    Mr. Petit denies the allegations within the first sentence of this paragraph.  As to the second sentence, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

136.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

137.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

138.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

139.    Mr. Petit denies the allegations.

140.    Mr. Petit denies the allegations.

141.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

142.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

143.    Mr. Petit denies the allegations.

144.    Mr. Petit denies the allegations.

145.    Mr. Petit denies the allegations.

146.    Mr. Petit denies the allegations.

147.    Mr. Petit denies the allegations.

148.    Mr. Petit denies the allegations.

149.    Mr. Petit denies the allegations.

150.    Mr. Petit denies the allegations.

151.    No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

152.    No response is required because the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

153.    No response is required because the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

154.    No response is required because the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

155.    Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

156.   Mr. Petit denies the allegations.

157.   No response to this paragraph is required because the allegations are not directed at Mr. Petit.   Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit denies the allegations.

158.   No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

159.   Mr. Petit denies the allegations.

160.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

161.   Mr. Petit denies the allegations.

162.   Mr. Petit denies the allegations.

163.   Mr. Petit admits that his understanding was that MiMedx sales staff conducted quarterly physical inventory counts at VA facilities. Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

164.   Mr. Petit denies the allegations.

165.   Mr. Petit denies the allegations.

166.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

167.   Mr. Petit denies the allegations.

168.   Mr. Petit denies the allegations.

169.     No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   Furthermore, no response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

170.     No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   Furthermore, no response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

171.     No response is required because the paragraph purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

172.     Mr. Petit denies the allegations.

173.     Mr. Petit denies the allegations.

174.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

175.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action. To the extent a response is required, Mr. Petit denies the allegations.

176.     No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   Furthermore, no response to this paragraph is required because

the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

177.    No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   Furthermore, no response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

178.    Mr. Petit denies the allegations.

179.    Mr. Petit denies the allegations.

180.    No response is required because the paragraph purports to characterize or describe documents that speak for themselves.  To the extent a response is required, Mr. Petit denies the allegations.

181.    Mr. Petit denies the allegations.

182.    Mr. Petit denies the allegations.

183.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action. To the extent a response is required, Mr. Petit denies the allegations.

184.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

185.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

186.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

187.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

188.    Mr. Petit denies the allegations.

189.    No response to this paragraph is required to the extent that it purports to characterize or describe documents that speak for themselves.  To the extent a response is required, Mr. Petit denies the allegations.

190.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

191.    No response to the first sentence of this paragraph is required because it states legal conclusions or purports to characterize this action.  As to the second sentence, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

192.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

193.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

194.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

195.    Mr. Petit denies the allegations.

196.    Mr. Petit denies the allegations.

197.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

198.    No response to the first sentence of this paragraph is required because it states legal conclusions or purports to characterize this action.  As to the second sentence, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

199.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

200.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

201.    Mr. Petit denies the allegations.

202.    Mr. Petit denies the allegations.

203.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

204.    As to the first sentence, no response is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.   As to the second sentence, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

205.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

206.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

207.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

208.    Mr. Petit denies the allegations

209.    Mr. Petit denies the allegations.

210.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

211.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

212.    No response to this paragraph is required to the extent that it purports to characterize or describe documents that speak for themselves.  To the extent a response is required, Mr. Petit denies the allegations.

213.    Mr. Petit denies the allegations.

214.    Mr. Petit denies the allegations.

215.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

216.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  Furthermore, as to the second sentence, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  To the extent a response is required, Mr. Petit denies the allegations.

217.    Mr. Petit denies the allegations.

218.    Mr. Petit denies the allegations.

219.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

220.    No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, no response is required because the paragraph purports to characterize or describe a document that speaks for itself.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

221.   No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

222.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

223.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

224.   Mr. Petit denies the allegations.

225.   Mr. Petit denies the allegations.

226.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

227.   Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

228.   No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent that a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

229.   No response is required because the paragraph purports to characterize or describe a document that speaks for itself.   Furthermore, no response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

230.   Mr. Petit denies the allegations.

231.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

232.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

233.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

234.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

235.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

236.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

237.     Mr. Petit admits only that he was aware that the Audit Committee led an investigation and retained an outside law firm as external counsel.  To the extent a further response is required, Mr. Petit denies the allegations.

238.     Mr. Petit admits only that he was aware that the Audit Committee investigated, among other things, revenue recognition for certain transactions, and denies the remaining allegations.

239.   Mr. Petit denies the allegations.

240.   No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

241.   Mr. Petit denies the allegations.

242.   Mr. Petit denies the allegations.

243.   No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

244.   No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

245.   Mr. Petit admits only that he was aware that a MiMedx auditor recommended that MiMedx engage a revenue recognition expert to provide guidance on revenue recognition.  To the extent a further response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

246.   No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

247.   Mr. Petit admits only that he had discussions with the revenue recognition expert and denies the remaining allegations.

248.   Mr. Petit admits that the revenue recognition expert evaluated revenue recognition practices.   To the extent a further response is required, Mr. Petit denies the allegations.

249.     Mr. Petit admits only that the revenue recognition expert concluded that MiMedx's accounting was appropriate and denies the remaining allegations.

250.     Mr. Petit denies the allegations.

251.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

252.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

253.     Mr. Petit denies the allegations.

254.     No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

255.     Mr. Petit admits only that MiMedx responded to the SEC Comment Letter on April 18, 2017 and refers to the content of the letter, which speaks for itself.  Mr. Petit denies the remaining allegations.

256.     Mr. Petit admits only that, in the third quarter of 2017, MiMedx hired another auditor as an outside auditor.  To the extent a further response is required, Mr. Petit denies the allegations.

257.     Mr. Petit denies the allegations.

258.     Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

259.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

260.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

261.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

262.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

263.    No response to this paragraph is required to the extent that it purports to characterize or describe a document that speaks for itself.  To the extent a response is required, Mr. Petit denies the allegations.

264.    Mr. Petit admits only that, from approximately 2013 to 2018, he obtained salary, bonus cash payments, and equity compensation from MiMedx and denies the remaining allegations.

265.    No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit denies the allegations.

266.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

267.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

268.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

269.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

270.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

271.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

272.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

273.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

274.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

275.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

276.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

277.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

278.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

279.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

280.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

281.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

282.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

283.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

284.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

285.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

286.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

287.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

288.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

289.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

290.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

291.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

292.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

293.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

294.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

295.    No response to this paragraph is required because the allegations are not directed at Mr. Petit.  Furthermore, no response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

296.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

297.    Mr. Petit admits that he served as CEO and Board Chairman of MiMedx.  He further admits that he had personal and professional relationships with certain of MiMedx's directors and senior executive managers.  To the extent a further response is required, Mr. Petit denies the remaining allegations.

298.    No response to this paragraph is required because the allegations are not directed at Mr. Petit.   To the extent a response is required, Mr. Petit denies the allegations.

299.    No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent that a response is required, Mr. Petit admits that Mr. Taylor served as President and Chief Operating Officer of MiMedx.  To the extent that a further response is required, Mr. Petit denies the allegations.

## FIRST CLAIM FOR RELIEF

**Fraud—Violation of Exchange Act Section 10(b) and Rule 10b-5 Thereunder
[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Against MiMedx, Petit, Taylor, and Senken)**

300.    Paragraph 300 repeats and realleges Paragraphs 1 to 299, to which Mr. Petit responds above.

301.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

302.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## SECOND CLAIM FOR RELIEF

**Fraud—Aiding and Abetting MiMedx's Violation of Exchange Act Section 10(b) and Rule 10b-5 Thereunder
[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Alternatively, against Petit, Taylor, and Senken)**

303.    Paragraph 303 repeats and realleges Paragraphs 1 to 299, to which Mr. Petit responds above.

304.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

305.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## THIRD CLAIM FOR RELIEF

**Fraud—Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C.
§ 78t(a)] for MiMedx's Violation of Exchange Act Section 10(b) and Rule 10b-5
Thereunder
[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Alternatively, against Petit and Taylor)**

306.    Paragraph 306 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

307.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

308.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## FOURTH CLAIM FOR RELIEF

**Fraud in the Offer or Sale of Securities—Violations of Securities Act Section 17(a)
[15 U.S.C. § 77q(a)]
(Against MiMedx, Petit, Taylor, and Senken)**

309.    Paragraph 309 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

310.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

311.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## FIFTH CLAIM FOR RELIEF

**Fraud in the Offer or Sale of Securities—Aiding and Abetting MiMedx's Violations of Securities Act Section 17(a)**
**[15 U.S.C. § 77q(a)]**
**(Alternatively, against Petit, Taylor, and Senken)**

312.    Paragraph 312 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

313.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.   To the extent a response is required, Mr. Petit denies the allegations.

314.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.   To the extent a response is required, Mr. Petit denies the allegations.

## SIXTH CLAIM FOR RELIEF

**Deceit of Auditors—Violations of Rule 13b2-2 of the Exchange Act**
**[17 C.F.R. § 240.13b2-2]**
**(Against Petit, Taylor, and Senken)**

315.    Paragraph 315 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

316.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.   To the extent a response is required, Mr. Petit denies the allegations.

317.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.   To the extent a response is required, Mr. Petit denies the allegations.

## SEVENTH CLAIM FOR RELIEF

**False Books, Records, or Accounts—Violations of Section 13(b)(5) of the Exchange Act and Rule 13b2-1 Thereunder**
**[15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1]**
**(Against Petit, Taylor, and Senken)**

318.    Paragraph 318 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

319.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

320.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## EIGHTH CLAIM FOR RELIEF

**False Certifications—Violations of Rule 13a-14 of the Exchange Act**
**[17 C.F.R. § 240.13a-14]**
**(Against Petit and Senken)**

321.    Paragraph 321 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

322.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

323.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

324.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## NINTH CLAIM FOR RELIEF

**False SEC Filings—Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, 13a-13**
**[15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
**(Against MiMedx)**

325.     Paragraph 325 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

326.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

327.     No response to this paragraph is required because the allegations are not directed at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

## TENTH CLAIM FOR RELIEF

**False SEC Filings—Aiding and Abetting MiMedx's Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, 13a-13**
**[15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
**(Against Petit, Taylor, and Senken)**

328.     Paragraph 328 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

329.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

330.     No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## ELEVENTH CLAIM FOR RELIEF

**False SEC Filings—Control Person Liability under Section 20(a) of the Exchange Act [15
U.S.C. § 78t(a)] for MiMedx's Violations of Section 13(a) of the Exchange Act and Rules
12b-20, 13a-1, 13a-11, 13a-13
[15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]
(Against Petit and Taylor)**

331.    Paragraph 331 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds
above.

332.    No response to this paragraph is required because it states legal conclusions or
purports to characterize this action.  To the extent a response is required, Mr. Petit denies the
allegations.

333.    No response to this paragraph is required because it states legal conclusions or
purports to characterize this action.  To the extent a response is required, Mr. Petit denies the
allegations.

## TWELFTH CLAIM FOR RELIEF

**False Books and Records—Violations of Section 13(b)(2) of the Exchange Act
[15 U.S.C. § 78m(b)(2)]
(Against MiMedx)**

334.    Paragraph 334 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds
above.

335.    No response to this paragraph is required because the allegations are not directed
at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

336.    No response to this paragraph is required because the allegations are not directed
at Mr. Petit.  To the extent a response is required, Mr. Petit denies the allegations.

### THIRTEENTH CLAIM FOR RELIEF

**False Books and Records—Aiding and Abetting of MiMedx's Violations of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]**
**(Against Petit, Taylor, and Senken)**

337.    Paragraph 337 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

338.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

339.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

### FOURTEENTH CLAIM FOR RELIEF

**False Books and Records—Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for MiMedx's Violations of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]**
**(Against Petit and Taylor)**

340.    Paragraph 340 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

341.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

342.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## FIFTEENTH CLAIM FOR RELIEF

**Failure to Reimburse—Violation of Section 304(a) of the Sarbanes-Oxley Act of 2002**
**[15 U.S.C. § 7243(a)]**
**(Against Petit and Senken)**

343.    Paragraph 318 repeats and realleges Paragraph 1 to 299, to which Mr. Petit responds above.

344.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

345.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

346.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

347.    No response to this paragraph is required because it states legal conclusions or purports to characterize this action.  To the extent a response is required, Mr. Petit denies the allegations.

## RELIEF SOUGHT

Mr. Petit denies that Plaintiff is entitled to any relief in connection with the allegations and claims set forth in the Complaint.  Mr. Petit further denies the allegations in the Complaint not heretofore specifically admitted, including those portions of the Complaint requesting relief.

## DEFENSES

Without assuming the burden of proof for such defenses that Mr. Petit would not otherwise have, Mr. Petit asserts the following defenses to the allegations and claims set forth in the Complaint. These defenses are in addition to the defense that the claims asserted fail by reason of the lack of evidence to meet the applicable burden of proof for each required element of those claims.

In addition, the discovery Mr. Petit seeks from Plaintiff is not yet complete, and Mr. Petit presently lacks sufficient knowledge or information as to whether he may have additional defenses available. For this reason, Mr. Petit hereby gives notice that he intends to rely upon such other and further defenses as they become available or apparent during the completion of discovery and other pre-trial and trial proceedings in this action, and he may seek to amend this Answer to assert any such additional defenses.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim against Mr. Petit upon which relief can be granted.

### SECOND DEFENSE
### (Lack of Scienter)

Plaintiff's claims against Mr. Petit are barred, in whole or in part, because Mr. Petit lacked the requisite scienter.

### THIRD DEFENSE
### (Recklessness Insufficient)

For Plaintiff's claims requiring proof of scienter, evidence of recklessness is insufficient to satisfy the scienter requirement.

## FOURTH DEFENSE
### (Good Faith)

Plaintiff's claims against Mr. Petit are barred, in whole or in part, because Mr. Petit acted in good faith at all material times.

## FIFTH DEFENSE
### (Reliance on and Involvement of Accountants and Other Professionals)

Plaintiff's claims against Mr. Petit are barred, in whole or in part, because Mr. Petit reasonably relied in good faith upon the representations, information, opinions, advice, professional judgment, and statements prepared or presented by one or more accountants and other professionals for MiMedx, whom Mr. Petit reasonably believed to be fully informed, honest, reliable, and competent in the matters presented.

## SIXTH DEFENSE
### (Conformity with Laws)

Plaintiff's claims against Mr. Petit are barred, in whole or in part, because Mr. Petit acted in conformity with all applicable federal and state statutes, government regulations, common law requirements, and industry standards, based upon the state of knowledge existing at the time alleged in the Complaint.

## SEVENTH DEFENSE
### (Absence of Causation, Materiality and Deception)

In contrast to other Defendants, the Complaint fails to charge Mr. Petit with violative conduct related to certain distributors, and therefore the Complaint fails to properly show causation, materiality, or deception with regard to certain allegations.

### EIGHTH DEFENSE
### (Immateriality)

Plaintiff's claims against Mr. Petit are barred, in whole or in part, because the alleged misstatements and omissions were not material and/or did not have any material effect on MiMedx's financial statements.

### NINTH DEFENSE
### (Penalties Not Warranted)

Plaintiff's claim for penalties is barred because any alleged violation was unintentional; the harm caused, if any, is insufficient to warrant a penalty; the lack or degree of scienter does not support a penalty; Mr. Petit has no previous violations; no deterrence purpose would be served; Mr. Petit acted in good faith; Mr. Petit cooperated with all investigations; and it would be fundamentally unfair to impose penalties on Mr. Petit in light of these considerations.

### TENTH DEFENSE
### (Disgorgement Not Warranted)

Plaintiff's claim for disgorgement is barred because Mr. Petit received no profits, ill-gotten gains, or any form of pecuniary benefit from the alleged misconduct.

### ELEVENTH DEFENSE
### (No Aiding and Abetting Liability)

Mr. Petit is not liable as an aider and abettor because he was neither reckless, nor did he have actual knowledge of any violation, nor provide substantial assistance to any primary violator.

### TWELFTH DEFENSE
### (No Primary Violation)

Mr. Petit is not liable as an aider and abettor because there is no primary violation under Sections 10(b), 13(a), 13(b)(2), 13(b)(5), 20(a) of the Exchange Act or Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, 13b2-1, 13b2-2, 13a-14 thereunder.

**THIRTEENTH DEFENSE**
**(No Internal Controls / Books and Records Violation)**

Mr. Petit did not knowingly circumvent or fail to implement a system of internal controls or knowingly falsify or cause to be falsified books or records.

## PRAYER FOR RELIEF

WHERETOFORE, the Defendant respectfully requests that the Court enter an Order:

(1) Entering judgment in favor of the Defendant and against the Commission on all alleged claims for relief;

(2) Dismissing the Complaint with prejudice;

(3) Awarding the Defendant appropriate costs incurred to defend this action; and

(4) Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mr. Petit demands a trial by jury on all issues so triable.

Dated: January 15, 2020                              Respectfully submitted,

                                                     */s/ Eric B. Bruce*
                                                     Eric B. Bruce
                                                     FRESHFIELDS BRUCKHAUS
                                                        DERINGER US LLP
                                                     700 13th Street, NW
                                                     10th Floor
                                                     Washington, DC 20005
                                                     (202) 777-4577
                                                     Eric.Bruce@freshfields.com

                                                     Altin H. Sila
                                                     FRESHFIELDS BRUCKHAUS
                                                        DERINGER US LLP
                                                     601 Lexington Avenue
                                                     New York, NY 10022
                                                     (212) 230-4622
                                                     Altin.Sila@freshfields.com