


*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 26, 2020

**BY EMAIL and ECF**
The Honorable Naomi Reice Buchwald
United States District Judge

    Re:  <u>Securities and Exchange Commission</u> v. <u>Parker Petit, et al.</u>,
        19 Civ. 10927 (NRB)

Dear Judge Buchwald:

  The Government respectfully submits this pre-motion letter pursuant to the Court's Individual Rules of Practice in Civil Cases before moving (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this action, with the exception of limited party document discovery,[1] until the conclusion of the parallel criminal case, *United States v. Parker Petit and William Taylor*, 19 Cr. 850 (JSR) (the "Criminal Case"). A stay in this matter is appropriate and necessary in order to prevent multiple courts from simultaneously considering overlapping legal issues and to prevent defendants Petit and Taylor, who are defendants in both the Civil Action and the Criminal Case, from improperly obtaining impeachment material regarding the Government's witnesses, circumventing the criminal discovery rules, and tailoring their defenses in the Criminal Case. Moreover, because trial in the Criminal Case is scheduled to begin on July 7, 2020, the requested stay will be short in duration and will not prejudice the defendants. While the Criminal Case is pending, motion practice in this matter could continue, and the parties would still be afforded the opportunity immediately to review more than 500,000 documents that would be produced by the SEC.

## Background

  This action, and the parallel Criminal Case, arise out of allegations that senior executives of MiMedx Group, Inc. ("MiMedx") engaged in conduct designed fraudulently manipulate the financial results of MiMedx, a publicly traded company of which Parker Petit was the Chief Executive Officer, William Taylor was the Chief Operating Office, and Michael Senken was the Chief Financial Officer.

---

[1] Under the terms of the Government's proposed stay, the following documents would be specifically excluded from the SEC's document production: (a) Communications, written or oral, with the Government and/or other law enforcement agencies; (b) Communications, written or oral, with counsel for MiMedx Group, Inc. or its audit committee, including any factual presentations; (c) Documents obtained by the SEC from the Government and/or other law enforcement agencies; (d) Transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government designates to the SEC as an individual who may be called as a witness in the Criminal Action; (e) Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). For avoidance of doubt, the Government seeks a stay of all depositions, interrogatories, third party discovery, and any other forms of discovery besides the parties' production of documents subject to the limitations above.

The factual allegations are detailed in Indictment 19 Cr. 850 (JSR) (the "Indictment") in the Criminal Case and in the SEC's complaint ("Compl.") (ECF No. 1).

As described in the Indictment, MiMedx was headquartered in Marietta, Georgia, and its securities traded under the symbol "MDXG" on the NASDAQ. MiMedx sold regenerative biologic products, such as skin grafts and amniotic fluid, both directly to end users, such as public and private hospitals, and to various stocking distributors, which, in turn, resold the product to end users. One of the most critical financial metrics disclosed in MiMedx's public filings with the SEC, and touted in MiMedx's accompanying press releases, was MiMedx's quarterly and annual sales revenue. By 2015, however, it became increasingly difficult for MiMedx to reach its revenue guidance due to decreased demand from certain distributors and the increasingly aggressive revenue targets that MiMedx had publicly announced. In response, Petit and Taylor engaged in a fraudulent scheme to falsely recognize revenue upon the shipment of MiMedx product to four stocking distributors ("Distributor-1" through "Distributor-4") in the second through fourth quarters of 2015. Petit's and Taylor's fraudulent manipulation of MiMedx's revenue caused MiMedx to report materially inflated revenue in the second, third, and fourth quarters of 2015, and for the full year 2015.

In addition to the conduct described above, all of which is alleged in the Indictment, the SEC's complaint contains additional allegations against Petit, Taylor and Senken related to MiMedx's improper recognition of revenue from a distributor that is not referenced in the Indictment ("Distributor-5"). (Compl. ¶ 2). Senken is not named in the Indictment, nor does the SEC allege wrongdoing by him with respect to Distributors -1 through -4.

## Procedural Posture

On November 25, 2019, a grand jury sitting in this District returned the Indictment, which charges Petit and Taylor in two counts with (1) securities fraud and (3) conspiracy to (a) commit securities fraud, (b) make false filings with the SEC, and (c) improperly influence the conduct of audits. On November 26, 2019, the Indictment was unsealed, and Petit and Taylor surrendered to agents in the Criminal Case. They were later presented before a magistrate judge in the Northern District of Georgia. The SEC filed its complaint in this matter the same day. Judge Rakoff has scheduled a trial of the Criminal Case to begin on July 7, 2020.

## Legal Standards

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for the intervention of parties in civil lawsuits either by right or by permission of the court. "[C]ourts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery." *SEC v. Treadway*, No. 04 Civ. 3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005). With respect to stays of SEC enforcement cases in light of criminal prosecutions, courts consider six factors, namely: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *See, e.g.*, *Treadway*, 2005 WL 713826, at *2.

## **Argument**

The Government should be permitted to intervene and seek a stay of the SEC civil action (the "Civil Action"). The Government has a right to intervene under FRCP 24(a) because it has an interest in the transactions at issue in the Civil Action, and alternatively, it should be permitted to intervene under FRCP 24(b) because the Criminal Case involves claims and defenses that share common questions of law and fact with the Civil Action. Thus, as is customary in this District, the Government should be permitted to intervene and seek a stay of these proceedings.

Furthermore, application of the factors set forth above weighs overwhelmingly in favor of the limited stay sought by the Government. *First*, as discussed above, there is substantial overlap between the Civil Action and the Criminal Case. *Second*, the Criminal Case has been indicted and, as noted above, is scheduled for trial on July 7, 2020, so a stay would be of very limited duration. *Third*, the stay proposed by the Government would not significantly prejudice the parties in the Civil Action. Even if the Civil Action were allowed to proceed in the normal course, it cannot proceed to a conclusion without full discovery, which would take much longer than the roughly five months between now and the beginning of the criminal trial, the outcome of which is likely to have a significant impact on how this action proceeds. Moreover, the stay requested by the Government will not foreclose the defendants' ability to move this matter expeditiously toward a resolution during the pendency of the Criminal Case. Motion practice would still continue, and the parties would still be afforded the opportunity to review more than 500,000 documents that would be produced immediately by the SEC. *Fourth*, the public interest weighs heavily in support of a stay. The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses. That concern is particularly acute here, because the Government has learned that that in mid-2019 Petit had inappropriate contact with certain potential witnesses in an apparent effort to influence them. *Finally*, the interests of the Court are best served by a stay in order to maximize judicial economy and avoid conflicting rulings regarding the same or related legal issues, which will likely be resolved by the Criminal Case.

For the foregoing reasons, the Government should be permitted to intervene in the Civil Action, and the Court should impose the limited stay sought by the Government until the resolution of the Criminal Case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:      /s/
Edward Imperatore/ Scott Hartman / Daniel Tracer
Assistant United States Attorneys
(212) 637-2327 / 2357 / 2329

cc: All Counsel (by ECF)