**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO  80249-1961

February 4, 2020

**Via ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *SEC v. Parker Petit, et al.*, 19-cv-10927 (NRB)

Dear Judge Buchwald:

    The undersigned counsel represent the plaintiff United States Securities and Exchange Commission (the "Commission") and defendants Parker H. Petit ("Petit"), William Taylor ("Taylor"), and Michael Senken ("Senken") (collectively, the "Defendants" and together with the Commission the "Parties") in the above-captioned matter. We submit this letter jointly, to comply with Federal Rule of Civil Procedure 26(f)(2) and (3).

    The parties held their Rule 26(f) conference on January 21, 2020, by telephone. Participating in the conference were:

| | |
|---|---|
| Stephen C. McKenna<br>Mark L. Williams<br>Ty Cottrill<br>Kevin Comeau | Counsel for the Commission |
| Altin Sila | Counsel for Petit |
| Michael Liftik<br>Michael Packard | Counsel for Taylor |

| Valerie Ramos<br>William Weinreb | |
|---|---|
| Christian Everdell<br>Nathaniel Read | Counsel for Senken |

## Discovery Plan

A. Proposed changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

Following the parties' Rule 26(f) meeting, the United States Attorney's Office for the Southern District of New York (the "DOJ") submitted a pre-motion letter on January 26, 2020, requesting a stay of certain aspects of discovery in this matter, including, among other things, the Commission's "[d]isclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i)." The Court has not yet ruled on this request, and the SEC is uncomfortable making Rule 26(a) disclosures while a motion to stay portions of those disclosures is pending. The Commission's position is that Defendants will not suffer prejudice given the parties are at the very beginning stages of this litigation and Defendants are not entitled to this discovery in their criminal case. *See e.g., Degen v. United States*, 517 U.S. 820, 825-26 (1996) (commenting that a stay of a civil forfeiture case pending disposition of a related criminal matter would avoid use of civil discovery "to gain an improper advantage in the criminal matter"). Thus, the Commission will not make Rule 26(a) disclosures until the stay issue is resolved or it is directed to make such disclosures by this Court. The Commission has no objection to Defendants delaying their Rule 26(a) disclosures until the issue is resolved as well.

Defendants believe that the parties should exchange their Rule 26(a) disclosures on the date agreed to during the parties' Rule 26(f) conference: February 18, 2020 (though Defendants will not make their Rule 26(a) disclosures unilaterally if the SEC persists in its refusal to make required Rule 26(a) disclosures). By refusing to adhere to the agreed date for the Rule 26(a) disclosures, the SEC is effectively granting the stay the DOJ has sought from this Court. But the DOJ failed to seek this Court's permission to move to intervene and to stay discovery until *after* Mr. Petit had answered the SEC's Complaint and the parties had their Rule 26(f) conference, even though this case and the criminal case were filed on the same day in close coordination with the SEC at the end of November 2019.

B. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The Parties are not requesting that discovery be conducted in phases or limited to or focused on any particular issues.

Plaintiff will need discovery into the following topics/issues:

- MiMedx's internal accounting policies, practices, and responsibilities;
- MiMedx's policies, practices, and responsibilities with respect to revenue recognition;
- Policies, practices, and responsibilities for preparation of MiMedx's financial statements and SEC filings;
- MiMedx's business relationships and course of dealings with its distributors, particularly Distributors A-E as alleged in the Complaint;
- The deceptive actions Defendants are alleged to have engaged in in paragraphs 217-262 of the Complaint;
- The profits Defendants received from the alleged fraudulent practices;
- MiMedx's policies, practices, and responsibilities for dealing with its external auditors;
- Misleading statements and omissions Defendants made to MiMedx's external auditors as alleged in paragraphs 266-280;
- MiMedx's policies, practices, and procedures relating to internal controls, preparation of the company's books and records;
- Petit's and Senken's certifications in connection with MiMedx's Forms 10-Q and 10-K;
- Petit's and Taylor's control over MiMedx's general operations, supervision of sales staff, and management of the day-to-day operations of MiMedx; and
- Topics or issues identified by any Defendant or that arise from any of the aforementioned discovery.

In addition to the topics identified by Plaintiff, Defendants will need discovery into the following topics/issues:

- Professional advice received by Defendants or MiMedx related to MiMedx's Accounting and Auditing processes;
- Professional advice received by Defendants or MiMedx related to MiMedx's policies, practices, and responsibilities with respect to revenue recognition;
- MiMedx's accounting and auditing processes;
- The regulatory regime concerning the tracking and recording of use of the medical products sold by MiMedx;
- Internal investigations conducted by Mimedx's Audit Committee into the events alleged in the Complaint;
- MiMedx's internal accounting policies, practices, and responsibilities;
- MiMedx's policies, practices, and responsibilities with respect to revenue recognition;
- Policies, practices, and responsibilities for preparation of MiMedx's financial statements and SEC filings;
- MiMedx's preparation of financial statements and SEC filings from 2013–2017;

The Honorable Naomi Reice Buchwald
February 4, 2020
Page 4 of 7

- MiMedx's business relationships and course of dealings with its distributors, particularly Distributors A–E as alleged in the Complaint;
- MiMedx's policies, practices, and responsibilities for dealing with its external auditors;
- MiMedx's policies, practices, and procedures relating to internal controls, preparation of the company's books and records;
- Organization, roles, responsibilities, composition, reporting structure, and communication between MiMedx's business units and departments, including but not limited to: the accounting group, the sales organization, the legal department, the IT group, and the "reconciliation group" referenced in the Complaint;
- Management of MiMedx product inventory at VA facilities;
- Defendants' compensation, bonuses, and incentive-based awards during the relevant time period; and
- Topics that arise from any of the aforementioned discovery.

Proposed Fact Discovery Cut-Off: December 30, 2020.

Proposed Expert Discovery Cut-Off: April 28, 2021.

C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

The Commission requested preservation of electronic documents held on the server for Mr. Petit's company, the Petit Group. Counsel for Mr. Petit understands that the DOJ took possession of the server from MiMedx Group, Inc. pursuant to a grand jury subpoena and that the DOJ obtained a warrant to search the contents of the server. Mr. Petit does not have possession or control of the server, and counsel for Mr. Petit believes that the DOJ retains possession and control of the server.

The Commission has also informed Defendants that it received three laptops from MiMedx's auditors in connection with its investigation and has proposed options to Defendants as to how Defendants may obtain access to the information contained thereon. Defendants are considering the Commission's proposals without prejudice to Defendants' rights.

D. Any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The Commission has sent a draft proposed Protective Order to Defendants to send to the Court for its consideration, which Defendants are reviewing and considering without prejudice to Defendants' rights.

E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The Honorable Naomi Reice Buchwald
February 4, 2020
Page 5 of 7

Due to the complexity of the case, the number of potential witnesses, the fact that the allegations cover Defendants' interactions with five separate distributors over various quarters, as well as multiple audit firms, the Parties agree that the presumptive limit of 10 depositions per side should be increased to 25 depositions per side, exclusive of experts, with all Parties preserving the right to ask the Court for additional depositions for good cause. Otherwise, the Parties agree to abide by the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York.

F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

As noted above, the Parties are considering a proposed Protective Order for the Court's consideration.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

By:    */s/ Stephen C. McKenna*
      Stephen C. McKenna
      Mark L. Williams
      Securities and Exchange Commission
      1961 Stout Street, Suite 1700
      Denver, CO 80294
      (303) 844-1000
      mckennas@sec.gov
      williamsml@sec.gov

The Honorable Naomi Reice Buchwald
February 4, 2020
Page 6 of 7

        FRESHFIELDS BRUCKHAUS DERINGER US LLP

By:   */s/ Altin H. Sila*
      Eric B. Bruce
      700 13th Street, NW, Suite 10th Floor
      Washington DC 20005
      Eric.Bruce@freshfields.com
      (202) 777-4500

      Altin H. Sila
      601 Lexington Avenue
      31st Floor
      New York, NY 10022
      Altin.Sila@freshfields.com
      (212) 277-4000
      *Attorneys for Parker Petit*

        QUINN EMMANUEL URQUHART & SULLIVAN LLP

By:   */s/ Michael T. Packard*
      William A. Burck
      777 6th Street NW, 11th floor
      Washington, DC 20005
      (202) 538-8000
      williamburck@quinnemanuel.com

      Michael B. Carlinksy
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      (212) 849-7000
      michaelcarlinsky@quinnemanuel.com

      Michael E. Liftik
      1300 I Street NW, Suite 900
      Washington, DC 20001
      (202)-538-8141
      michaelliftik@quinnemanuel.com

      William D. Weinreb
      Michael T. Packard

The Honorable Naomi Reice Buchwald
February 4, 2020
Page 7 of 7

        111 Huntington Avenue, Suite 520
        Boston, MA 02199
        617-712-7118
        michaelpackard@quinnemanuel.com
        billweinreb@quinnemanuel.com
        *Attorneys for William Taylor*


COHEN AND GRESSER LLP

By:   */s/ Nathaniel P.T. Read*
      Mark S. Cohen
      (mcohen@cohengresser.com)
      Nathaniel P. T. Read
      (nread@cohengresser.com)
      Christian R. Everdell
      (ceverdell@cohengresser.com)
      800 Third Avenue
      New York
      New York, NY 10022
      212-957-7600
      *Attorneys for Michael Senken*