

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
(212) 957 7601
mcohen@cohengresser.com

BY ECF - WITH COURTESY COPY TO CHAMBERS BY HAND

February 7, 2020

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: <u>SEC v. MiMedx Group, Inc. et al.</u>, No. 19-cv-10927-NRB

Dear Judge Buchwald:

  We represent defendant Michael J. Senken and respectfully write pursuant to Rule 2.B. of Your Honor's Individual Rules of Practice regarding Mr. Senken's anticipated motions to dismiss under Rule 12(b)(6) and to transfer this case to the Northern District of Georgia.

**1. The SEC's Allegations**

  The SEC's claim that Mr. Senken participated in an alleged accounting fraud scheme at MiMedx Group, Inc. ("MiMedx") is without merit and is contradicted by the SEC's own allegations. The Complaint alleges a scheme to artificially inflate MiMedx's quarterly revenue figures by prematurely recognizing revenue from sales to five different distributors; that scheme allegedly has two distinct parts. In the first part, MiMedx's former CEO, Parker H. Petit, and former COO, William C. Taylor, allegedly entered into side arrangements with four distributors (Distributors A-D) in 2015, which purportedly affected revenue recognition for those sales. The Complaint concedes that these four arrangements were affirmatively hidden from Mr. Senken, then CFO, as well as others at MiMedx, and that Mr. Senken is therefore not responsible for any related violations.

  The second part involved another alleged side agreement that Mr. Petit and Mr. Taylor entered into with a fifth distributor (Distributor E) by early 2013. Despite alleging that Mr. Petit and Mr. Taylor carefully concealed the Distributor A-D part of the scheme from Mr. Senken, the Complaint alleges, without sufficient supporting facts, that Mr. Senken was "in on" the Distributor E part of the scheme, or that he should have figured out that this alleged side agreement existed. Rather than "raising a strong inference of fraudulent intent," the Complaint's allegations imply the exact opposite—that Mr. Senken was kept in the dark about any alleged side agreement with Distributor E, as he was with the four other alleged side agreements.

**2. The Complaint Fails to Adequately Plead a Single Claim Against Mr. Senken**

  The Complaint asserts ten claims against Mr. Senken in six categories: (1) securities fraud; (2) false certification of SEC filings; (3) aiding and abetting false SEC filings; (4) books and records and internal controls violations; (5) misstatements to auditors; and (6) violation of

February 7, 2020
Honorable Naomi Reice Buchwald
Page 2

Section 304 of the Sarbanes-Oxley Act ("SOX"). But the Complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Each of these claims must therefore be dismissed.

<u>The Complaint Insufficiently Alleges Intent.</u>

To adequately plead scienter for a securities fraud claim, the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *SEC v. Wey*, 246 F. Supp. 3d 894, 912 (S.D.N.Y. 2017) (quotation marks omitted). This burden is met by alleging facts that (1) show the defendant had "motive and opportunity" to commit fraud, or (2) constitute "strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* The Complaint satisfies neither prong. As to the first, the Complaint implies only that Mr. Senken had a motive to increase corporate profitability, a motive shared by all executives and insufficient to allege scienter. *See Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001).

As to the second prong, the Complaint inadequately alleges that Mr. Senken knew of the purported Distributor E side agreement, or that he acted recklessly, or even unreasonably, in failing to discover it. The Complaint specifies how Mr. Petit and Mr. Taylor negotiated, implemented, and supervised all aspects of the alleged side agreement, and how they never disclosed to Mr. Senken the sole email allegedly memorializing its terms. By contrast, the Complaint does not allege a single action by Mr. Senken relating to Distributor E, and its allegations of Mr. Senken's knowledge of the alleged side agreement are conclusory. The Complaint references a handful of emails received by Mr. Senken, but these emails do not, individually or collectively, "give rise to a strong inference of fraudulent intent" because the Complaint does not adequately allege that they raise revenue recognition issues. Instead, the Complaint is driven by an assumption that Mr. Senken, as the CFO, must have known about the alleged fraud, and thus over-reads these emails to confirm that predetermined conclusion. That is an impermissible attempt to plead "fraud by hindsight." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). As a result, all of the SEC's claims must be dismissed for failure to plead intent.

<u>The SEC Fails to Allege Other Essential Elements of its Claims.</u>

*First*, MiMedx's quarterly revenue figures are statements of opinion reflecting accounting judgments which are not actionable under *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015).

*Second*, the Complaint does not quantify the amount by which MiMedx's revenue was allegedly overstated, and thus fails to adequately plead that any purported misstatements were material to investors. *See, e.g., Gavish v. Revlon, Inc.*, No. 00 Civ. 7291 (SHS), 2004 WL 22102969, at *16 (S.D.N.Y. Sept. 30, 2004).

*Third*, the Complaint fails to plead securities fraud under a theory of scheme liability. An alleged misrepresentation cannot be the "sole basis" for a scheme liability claim. *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 177 (2d Cir. 2005). Here, the same allegation—*i.e.*, that Mr.



February 7, 2020
Honorable Naomi Reice Buchwald
Page 3

Senken concealed the existence of the Distributor E side agreement to prematurely recognize revenue—forms the basis of the SEC's misstatement claims and scheme liability claims, and thus is insufficient to allege scheme liability.

*Fourth*, to allege a Section 17(a)(2) claim, the SEC must allege that the defendant personally "obtain[ed] money or property by means of" a material misstatement in an offering or sale of securities. 15 U.S.C. § 77q(a)(2). The Complaint, however, fails to adequately tie Mr. Senken's compensation to an offering or sale, and thus the SEC's Section 17(a)(2) claim must be dismissed. *See SEC v. Syron*, 934 F. Supp. 2d 609, 637 (S.D.N.Y. 2013).

*Fifth*, the SEC's allegations that MiMedx's internal accounting controls were inadequate reduce to a conclusory statement that its internal controls were ineffective because they failed to prevent the alleged fraud underlying the SEC's other claims. Such conclusory pleadings are insufficient to allege deficient internal controls. *See, e.g., SEC v. Rio Tinto plc*, No. 17 CIV 7994 (AT), 2019 WL 1244933, at *19 (S.D.N.Y. Mar. 18, 2019).

*Sixth*, SOX § 304 only applies when the issuer files a restatement. *See SEC v. Shanahan*, 624 F. Supp. 2d 1072, 1078 (E.D. Mo. 2008). Because MiMedx has not yet filed a restatement, this claim must be dismissed. Moreover, this claim is partially time-barred by the five-year statute of limitations under 28 U.S.C. § 2462.

3. **The Court Should Transfer this Case to the Northern District of Georgia**

Mr. Senken also intends to file a motion to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. The Georgia court is the most appropriate forum because (1) all of the defendants, including Mr. Senken, and the vast majority of the potential witnesses live in or near that district; (2) most of the conduct alleged in the Complaint occurred there; and (3) the private securities lawsuits relating to the same conduct at issue here are pending there. By contrast, nothing in the Complaint shows a meaningful connection to this District.

\* \* \*

For the foregoing reasons, we respectfully submit that the claims against Mr. Senken should be dismissed with prejudice or, alternatively, that the case should be transferred to the Northern District of Georgia. Additionally, for the motion to dismiss, we request leave to file an opening brief of up to 30 pages and a reply brief of up to 15 pages. The additional pages are necessary to adequately address the numerous claims asserted in the SEC's 84-page Complaint.

We stand ready to address these issues with the Court at a pre-motion conference. If the Court does not require such a conference, we are prepared to file our motions promptly.



February 7, 2020
Honorable Naomi Reice Buchwald
Page 4

Respectfully submitted,

Mark S. Cohen/NPCR

Mark S. Cohen

cc: Counsel of record (by ECF)