UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    v.<br><br>MIMEDX GROUP, INC., PARKER H. PETIT,<br>WILLIAM C. TAYLOR, and MICHAEL J. SENKEN,<br><br>         Defendants. | Case No. 1:19-cv-10927 (NRB)<br><br>**Stipulation and [Proposed]<br>Order** |

  WHEREAS, on February 18, 2020, the United States Attorney's Office for the Southern District of New York (the "Government") submitted a motion seeking a partial stay of discovery, in light of the pendency of the parallel criminal action United States v. Parker Petit and William Taylor, 19 Cr. 850 (JSR) (the "Criminal Case"), and

  WHEREAS, defendants Parker H. Petit, William C. Taylor, and Michael J. Senken (the "Defendants") initially opposed the partial stay sought by the Government, in memoranda of law filed on or about March 3, 2020, and

  WHEREAS, the parties have since conferred and reached agreement that a partial stay, subject to the terms set forth below, is appropriate, and

  WHEREAS, on March 9, 2020, the parties submitted a Proposed Stipulation and Order regarding their agreement on a partial stay (the "Initial Stipulation," Dkt. No. 58); and

  WHEREAS, on March 11, 2020, the Court So Ordered the Initial Stipulation (the "March 11 Order," Dkt. No. 59); and

  WHEREAS, in the course of implementing the terms of the March 11 Order, the parties determined that there were certain ambiguities in the Order that they wanted to clarify; and

WHEREAS, plaintiff Securities and Exchange Commission (the "SEC") took no position on the Government's request for a stay, and joins in this Proposed Stipulation and Order to clarify the March 11 Order; and

WHEREAS, the parties intend for this Proposed Stipulation and Order to supersede and replace the Initial Stipulation and the March 11 Order; and

WHEREAS, the Court finds that a partial stay and the issuance of this Proposed Stipulation and Order is in furtherance of the interests of justice; it is hereby

ORDERED that discovery in this action is stayed in its entirety with the following specific exceptions, which may proceed during the pendency of the Criminal Case, subject to the terms set forth herein:

a. Document discovery from the SEC may proceed during the pendency of the Criminal Case, except that the production of the following categories of documents shall be stayed:

1. Communications, written or oral, with the Government and/or other law enforcement agencies;

2. Communications, written or oral, with counsel for MiMedx Group, Inc. or its audit committee, including any factual presentations;

3. Documents obtained by the SEC from the Government and/or other law enforcement agencies; and

4. Transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government designates to the SEC as an individual who may be called as a witness in the Criminal Action.

b.  Except as set forth above, the Defendants are authorized to seek only the following discovery, subject to Government pre-approval as outlined below:

1.  Audit laptops from Cherry Bekaert and Ernst & Young;

2.  Document requests to Ernst & Young, restricted to AvKare-related topics only; and

3.  Document requests to Scott Taub, AvKare, and current or former employees of AvKare, restricted to AvKare-related topics only.

c.  As to items (b)(2) and (b)(3) above, the Defendants' discovery demands shall be submitted to the Government for approval prior to being served. The Government will have the unilateral right to strike or modify portions of any discovery demand that it believes, in good faith, will implicate the Criminal Case.

d.  The Defendants may depose only AvKare, current or former employees of AvKare, and Scott Taub, restricted to AvKare-related topics only. The Defendants' deposition notices shall be submitted to the Government for prior approval before being served. The Government will have the unilateral right to strike or modify any deposition notice it believes, in good faith, will implicate the Criminal Case.

e.  The parties agree that the SEC shall produce, without the need for a document request, (i) all documents and other materials obtained by the SEC from third parties during its investigation of Defendants, and (ii) transcripts of all testimony taken in the SEC's investigation by individuals whom the Government has not identified as potential witnesses in the Criminal Case.

f.  Other than the specific enumerated categories set forth above, which may proceed subject to the limitations set forth above, all discovery in this action is hereby stayed, including,

3

for avoidance of doubt, all discovery from the defendants, depositions, interrogatories, requests for admission, document requests, third-party discovery, issuance of subpoenas, disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and other forms of discovery until the conclusion of the Criminal Case. For avoidance of doubt, no discovery shall be taken from any person whom the Government designates to the SEC as an individual who may be called as a witness in the Criminal Case.

      g.      The parties agree that, in the event that the trial in the Criminal Case set to begin on July 7, 2020: (i) is adjourned for at least 90 days, or (ii) results in a mistrial, they will revisit in good faith the terms of the agreed stay, with Defendant Michael Senken reserving his right to seek relief from the Court.

STIPULATED AND AGREED:

GEOFFREY S. BERMAN
United States Attorney

By: __/s/_____
Edward Imperatore
Scott Hartman
Daniel Tracer
Drew Skinner
Assistant United States Attorneys

By: _____
Stephen McKenna
Mark Williams
Securities and Exchange Commission

4

for avoidance of doubt, all discovery from the defendants, depositions, interrogatories, requests for admission, document requests, third-party discovery, issuance of subpoenas, disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and other forms of discovery until the conclusion of the Criminal Case. For avoidance of doubt, no discovery shall be taken from any person whom the Government designates to the SEC as an individual who may be called as a witness in the Criminal Case.

   g. The parties agree that, in the event that the trial in the Criminal Case set to begin on July 7, 2020: (i) is adjourned for at least 90 days, or (ii) results in a mistrial, they will revisit in good faith the terms of the agreed stay, with Defendant Michael Senken reserving his right to seek relief from the Court.

STIPULATED AND AGREED:

GEOFFREY S. BERMAN
United States Attorney

By: _____
Edward Imperatore
Scott Hartman
Daniel Tracer
Drew Skinner
Assistant United States Attorneys

By: _____
Stephen McKenna
Mark Williams
Securities and Exchange Commission

4

        By: */s/ Eric Bruce*_____
        Eric Bruce
        Altin Sila
        Attorneys for Parker H. Petit

        By: */s/ William Weinreb*\_\_\_\_\_
        William Burck
        William Weinreb
        Michael Packard
        Michael Carlinsky
        Attorneys for William C. Taylor

        By: _____
        Mark S. Cohen
        Christian R. Everdell
        Nathaniel P. T. Read
        Joanna K. Chan
        Attorneys for Michael J. Senken

SO ORDERED:

_____         _____
HONORABLE NAOMI REICE BUCHWALD         DATE
UNITED STATES DISTRICT JUDGE

By: _____
Eric Bruce
Altin Sila
Attorneys for Parker H. Petit


By: _____
William Burck
William Weinreb
Michael Packard
Michael Carlinsky
Attorneys for William C. Taylor


By: _____
Mark S. Cohen
Christian R. Everdell
Nathaniel P. T. Read
Joanna K. Chan
Attorneys for Michael J. Senken


SO ORDERED:

_____
HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

April 1, 2020
_____
DATE

5