UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                          Plaintiff,<br><br>   v.<br><br>MIMEDX GROUP, INC.,<br>PARKER H. PETIT,<br>WILLIAM C. TAYLOR,<br>MICHAEL J. SENKEN,<br><br>                                          Defendants. | 1:19-cv-10927-NRB<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>ECF CASE |

HONORABLE NAOMI REICE BUCHWALD, U.S.D.J.:

WHEREAS, Plaintiff United States Securities and Exchange Commission (the "SEC") and Defendants Parker H. Petit, William C. Taylor, and Michael J. Senken ("Defendants") (collectively, the "Stipulating Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic sensitive information that they may need to disclose in connection with discovery in this action (the "Action"); and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this Action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the parties to this Action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing

discovery in this Action ("Third Parties"), and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

(a) Counsel for any Stipulating Party or any Third Party may designate any document or other material or information produced by a Stipulating Party or Third Party (including interrogatory responses or admissions), or any deposition testimony given in this Action by or on behalf of a Stipulating Party or Third Party (including any transcripts or video recordings thereof and exhibits used in the deposition), as "Confidential" if counsel determines, in good faith, that such material constitutes technical know-how; confidential research, development or commercial information; purchase and/or sales data; proprietary commercial, financial, technical, research, development, or business information; non-public contracts or agreements; or any other confidential, private, or proprietary information such that the designation of that material as confidential is necessary to protect the interests of the client or other third parties. Information, documents, and deposition testimony designated by a Stipulating Party or Third Party as confidential will be labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER." Information or documents that has been designated as confidential under this Order may be referred to collectively as "Confidential Information."

(b) Unless ordered by the Court, or otherwise provided for herein, all documents and other materials disclosed in this Action (including, but not limited to Confidential Information), will be held and used by the person receiving such information solely for use in connection with this Action and the defense of the criminal action *United States v. Petit & Taylor*, 19-cr-00850-JSR (Southern District of New York) (the "Criminal Action" and, collectively with this Action, the "Permitted Actions"). However, nothing in this Order shall prevent the SEC from complying

2

with its obligations under law concerning disclosure of documents, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the SEC, or interfere with the SEC's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

(c) In the event a party challenges another Stipulating Party's or Third Party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court consistent with Local Civil Rule 37.2 of the Southern District of New York. Nothing in this Protective Order operates as a waiver of any claim or defense in this Action or to create an admission by any party that Confidential Information disclosed in this case is or is not (i) confidential, (ii) privileged, (iii) discoverable, (iv) relevant, or (v) admissible in evidence at trial. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

(d) Subject to paragraph (b), above, information or documents designated as Confidential Information shall not be disclosed to any person, except:

    (1) The parties and counsel of record;

    (2) Employees of such counsel assigned to and necessary to assist in this Action and/or the Criminal Action;

    (3) Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire to assist in this Action and/or the Criminal Action;

3

(4)     Mock jurors and related service providers;

(5)     As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(6)     Stenographers and videographers engaged to transcribe depositions the parties conduct in this Action and/or the Criminal Action;

(7)     Consultants or experts to the extent deemed necessary by counsel;

(8)     Any person who counsel for a party in good faith believes may be called to testify at trial or deposition in this Action and/or the Criminal Action (as well as counsel for such person), except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

(9)     The Court or the jury at trial or as exhibits to motions;

(10)    Government personnel in connection with any parallel criminal case, including the Criminal Action; and

(11)    Any other person to whom the Parties have agreed in writing disclosure may be made or to whom disclosure has been authorized by order of the Court.

(e)     Subject to paragraph (b), above, prior to disclosing or displaying Confidential Information to any person, counsel shall:

(1)     inform the person of the confidential nature of the information or documents; and

(2)     inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than in connection with this Action or in

4

the defense of the Criminal Action and has enjoined the disclosure of that information or documents to any other person except as permitted by this Protective Order.

(f) Subject to paragraph (b), Confidential Information may be displayed to and discussed with the persons identified in Paragraphs (d)(4) and (8) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

(g) For the purpose of Paragraph (d)(9), any documents which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of any documents nor does it alter or modify the applicability of Rule 5.2 of the Federal Rules of Civil Procedure. In the event counsel for any Stipulating Party determines to file with the Court documents containing any Confidential Information and the party that produced the Confidential Information does not consent in writing to public filing of that Confidential Information, the filing shall be accompanied by a letter motion advising the Court that the producing party requests that the Confidential Information be filed under seal, in accordance with the Court's Individual Practices, the Court's Standing Order (19-mc-00583), and Section 6 of the S.D.N.Y. ECF Rules & Instructions. Within seven days of any such filing, any Stipulating Party or producing party may file an affidavit or declaration and memorandum of law demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and any other controlling authority.

5

(h)     With regard to the inadvertent production of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection:

(1)     The inadvertent production by a producing party of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable efforts to prescreen such discovery material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced discovery material is made promptly after the producing party learns of its inadvertent production. Moreover, the inadvertent production of a privileged or protected document or material shall not waive the attorney-client privilege, work-product protection, or any other applicable privilege or protection claimed or asserted over discovery material that covers or otherwise relates to the same subject matter as the inadvertently produced document or material.

(2)     Upon a request from any producing party who has inadvertently produced discovery material that it believes is privileged and/or protected, each party who has received such material (the "Receiving Party") shall immediately return or destroy such material and all copies to the Producing Party.

(3)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced discovery material and such other information as is reasonably necessary to

6

identify the discovery material and describe its nature to the Court in any motion to compel production of the discovery material.

(i) Any Stipulating Party who discovers that it inadvertently produced material containing Confidential Information without designating that information as confidential may, within a reasonable time following its discovery of the inadvertent production, retroactively designate that material as Confidential Information, by providing notice of its designation in writing to all Stipulating Parties.

(j) During the course of deposition testimony in this Action, the transcript of such deposition may be designated on the record as Confidential Information. Alternatively, within 30 days of receiving a transcript of deposition testimony taken in this Action, any Stipulating Party or Third Party (where applicable) providing the testimony may designate the transcript as Confidential Information by notifying all Stipulating Parties in writing that the transcript is to be designated as Confidential Information.

(k) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

(l) Within 60 days of the final disposition of this Action or the Criminal Action, whichever occurs later, including all appeals, all recipients of Confidential Information must either return it, including all copies thereof, to the producing party, or destroy such material, including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its

7

return or destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

(m) This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

(n) This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


*s/Mark L. Williams*
Stephen C. McKenna, (admitted *Pro Hac Vice*)
Mark. L. Williams, (admitted *Pro Hac Vice*)
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

<u>Counsel for Plaintiff Securities and Exchange Commission</u>


*/s/ Eric B. Bruce*
Eric B. Bruce
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor

8

Washington, DC 20005
Eric.Bruce@freshfields.com

Altin H. Sila
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
New York, NY 10022
Altin.Sila@freshfields.com

<u>Counsel for Defendant Parker H. Petit</u>

*/s/ William A. Burck*
William A. Burck
Michael E. Liftik
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Email: williamburck@quinnemanuel.com
Email: michaelliftik@quinnemanuel.com

William D. Weinreb
Michael T. Packard
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave., Suite 520
Boston, MA 02199
Telephone:  (617) 712-7100
Email: billweinreb@quinnemanuel.com
Email: michaelpackard@quinnemanuel.com

Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email:michaelcarlinsky@quinnemanuel.com

<u>Attorneys for Defendant William C. Taylor</u>

9

*/s/ Nathaniel P. T. Read*
Nathaniel P.T. Read
nread@cohengresser.com
Christian R. Everdell
ceverdell@cohengresser.com
Joanna Chan
jchan@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7600

*Counsel for Defendant Michael J. Senken*

SO ORDERED

Date: _____May 22_____, 2020

_____
U.S. District Court Judge

10