

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
(212) 957 7601
mcohen@cohengresser.com

BY ECF - WITH COURTESY COPY TO CHAMBERS BY FEDEX

June 21, 2021

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *SEC v. MiMedx Group, Inc. et al.*, No. 19-cv-10927-NRB

Dear Judge Buchwald:

      We represent defendant Michael J. Senken and write pursuant to Rule 2.E.1 of Your Honor's Individual Rules of Practice to outline our principal arguments in support of Mr. Senken's Motion to Dismiss the Complaint and to request oral argument on that motion.

**1.**    **Background**

      Under controlling pleading standards, the SEC's claims against Mr. Senken are implausible and contradicted by the allegations in the Complaint. According to the Complaint, while Mr. Senken was the CFO of MiMedx Group, Inc. ("MiMedx"), MiMedx's former CEO, Parker H. Petit, and its former COO, William Taylor, orchestrated a scheme to improperly recognize revenue from sales to five distributors. Petit and Taylor allegedly entered side agreements with four distributors—A, B, C, and D—in 2015, which they deliberately concealed from Mr. Senken and the rest of MiMedx's accounting group.[1] The Complaint further alleges that while they were concealing this scheme from Mr. Senken, Petit and Taylor allegedly involved Mr. Senken in a side agreement involving Distributor E, which operated from 2013 to 2017. The SEC admits that this side agreement was memorialized in an email from Taylor that was never disclosed to Mr. Senken. Nonetheless, without sufficient factual allegations, the SEC claims that Mr. Senken knew about the Distributor E revenue recognition scheme, or was reckless for not knowing. Rather than raise a strong inference of fraudulent intent, the Complaint's allegations show the exact opposite—that Mr. Senken was kept in the dark about any alleged side agreement with Distributor E, as he was with the other alleged schemes.

      The Complaint asserts ten claims against Mr. Senken in six categories: (1) securities fraud under Exchange Act Section 10(b) and Securities Act Section 17(a); (2) false certification of SEC filings; (3) aiding and abetting false SEC filings; (4) books and records and internal

---

[1] In a related criminal proceeding against Petit and Taylor based on the Distributors A-D schemes, the indictment did not name or otherwise mention Mr. Senken. *U.S. v. Petit & Taylor*, 19-cr-00850-JSR, Dkt. No. 1 (S.D.N.Y. Nov. 25, 2019). On November 19, 2020, a jury found Petit guilty of securities fraud and Taylor guilty of conspiracy to commit securities fraud, make false securities filings, or mislead auditors. 19-cr-00850-JSR, Dkt. No. 121 (S.D.N.Y. Nov. 19, 2020).



June 21, 2021
Honorable Naomi Reice Buchwald
Page 2

controls violations; (5) misstatements to auditors; and (6) violation of Section 304 of the Sarbanes-Oxley Act ("SOX"). Each of the SEC's claims is legally insufficient, and as a result the Complaint against Mr. Senken should be dismissed with prejudice.

**2.   The Complaint Fails to Allege the Requisite Intent.**

The Complaint fails to allege that Mr. Senken acted with scienter or negligence. To plead scienter for securities fraud, the SEC must "allege facts that give rise to a strong inference of fraudulent intent." *SEC v. Wey*, 246 F. Supp. 3d 894, 911-12 (S.D.N.Y. 2017) (quotation marks omitted). This burden is met by alleging facts that (1) show the defendant had "motive and opportunity" to commit fraud or (2) constitute "strong circumstantial evidence of conscious misbehavior or recklessness." *Id*. The Complaint satisfies neither prong. As to the first prong, the Complaint alleges only that Mr. Senken's salary increases, cash bonus, and equity compensation were influenced by the alleged misstated financial performance. But the desire "to keep stock prices high to increase officer compensation" is not sufficient to show scienter. *See Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001).

As to the second prong, the Complaint fails to allege that Mr. Senken knew of the purported Distributor E side agreement or that he acted recklessly in failing to discover it. The Complaint describes how Petit and Taylor negotiated, implemented, and supervised all aspects of the alleged side agreement, and how they never disclosed to Mr. Senken the sole email allegedly memorializing its terms. By contrast, the Complaint does not allege a single action by Mr. Senken to implement the purported Distributor E scheme, and its assertions of Mr. Senken's knowledge of the alleged side agreement are conclusory. The Complaint cites only a handful of emails sent to Mr. Senken regarding how much MiMedx expected Distributor E to pay at a particular time, but the emails neither raised revenue recognition concerns nor disclosed the alleged side agreement. Nonetheless, the Complaint claims these emails somehow demonstrate Mr. Senken's knowledge of the alleged fraud. The allegations are an attempt to impute scienter to Mr. Senken by virtue of his position as CFO—a pleading strategy courts consistently reject. *See City of Brockton Ret. Sys. v. Avon Prod., Inc.*, No. 11 Civ. 4665 (PGG), 2014 WL 4832321, at *19 (S.D.N.Y. Sept. 29, 2014). Indeed, the Complaint concedes that when Mr. Senken did receive an email raising revenue recognition concerns, he immediately escalated it to MiMedx's audit committee and outside auditors, prompting an investigation. These allegations rebut any inference of scienter and describe the good-faith conduct of a reasonable CFO. As a result, the SEC's scienter- and negligence-based claims must be dismissed.

**3.   The SEC Fails to Allege Other Essential Elements of its Claims.**

*First*, MiMedx's quarterly revenue figures are statements of opinion reflecting subjective accounting judgments that are not actionable misstatements under *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015).

*Second*, the Complaint does not quantify the amount by which MiMedx's revenue was allegedly overstated as a result of the Distributor E scheme, and thus fails to adequately plead



June 21, 2021
Honorable Naomi Reice Buchwald
Page 3

that any purported misstatements were material to investors. *See, e.g., Gavish v. Revlon, Inc.*, No. 00 Civ. 7291 (SHS), 2004 WL 22102969, at *16 (S.D.N.Y. Sept. 30, 2004).

*Third*, the Complaint fails to plead securities fraud under a theory of scheme liability. An alleged misrepresentation cannot be the "sole basis" for a scheme liability claim. *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 177 (2d Cir. 2005). Here, the same allegation—that Mr. Senken concealed the existence of the Distributor E side agreement to report prematurely recognized revenue—forms the basis of the SEC's misstatement claims and scheme liability claims and thus is insufficient to allege scheme liability.

*Fourth*, to allege a Section 17(a)(2) claim, the SEC must allege that the defendant personally "obtain[ed] money or property by means of" a material misstatement in an offering or sale of securities. 15 U.S.C. § 77q(a)(2). The Complaint, however, fails to adequately tie Mr. Senken's compensation to an offering or sale, and thus the Section 17(a)(2) claim must be dismissed. *See SEC v. Syron*, 934 F. Supp. 2d 609, 637 (S.D.N.Y. 2013).

*Fifth*, the allegations that MiMedx's internal accounting controls were inadequate reduce to a conclusory statement that those controls were ineffective because they failed to prevent the alleged fraud. But allegations that internal controls were circumvented are insufficient to allege that such controls were deficient. *See, e.g., SEC v. Rio Tinto plc*, No. 17 CIV 7994 (AT), 2019 WL 1244933, at *19 (S.D.N.Y. Mar. 18, 2019).

*Sixth*, because the SEC has not alleged misconduct by Mr. Senken, the SOX 304 claim must be dismissed. *See Cohen v. Viray*, 622 F. 3d 188, 195 (2d Cir. 2010) (observing that SOX 304 reflects "Congress's efforts to make high ranking corporate officers of public companies *directly responsible for their actions* that have caused material noncompliance with financial reporting requirements").

For the foregoing reasons, we respectfully submit that the claims against Mr. Senken should be dismissed with prejudice.

Respectfully submitted,

*Mark S. Cohen* /SLB

Mark S. Cohen

cc: Counsel of record (by ECF)