UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>        v.<br><br>MIMEDX GROUP, INC., PARKER H. PETIT,<br>WILLIAM C. TAYLOR, and MICHAEL J. SENKEN,<br><br>          Defendants. | Case No. 1:19-cv-10927 (NRB)<br><br>**Disclosure Stipulation and**<br>**[Proposed] Protective Order** |

  WHEREAS, Defendant Michael J. Senken issued subpoenas in this action seeking documents from MiMedx Group, Inc. ("MiMedx") and various other third parties in possession of documents potentially relevant to this proceeding (collectively, the "Subpoenas");

  WHEREAS, the Subpoenas seek, among other documents, documents subject to claims by MiMedx of attorney-client privilege and/or work product protection;

  WHEREAS, MiMedx has agreed to produce only to the Securities Exchange Commission and Mr. Senken (collectively, the "Receiving Parties") certain documents that are identified in Exhibit A to this Disclosure Stipulation and Protective Order (the "Documents") pursuant to Rules 502(a) and (d) of the Federal Rules of Evidence and Pursuant to this Disclosure Stipulation and Protective Order;

  WHEREAS, MiMedx and the Receiving Parties have entered into this Disclosure Stipulation and Protective Order to facilitate the production and the Receiving Parties' use of the Documents in this proceeding and to ensure that such production and use does not effect a waiver by MiMedx of any privileges or protections that may be associated with any of the Documents;

WHEREAS, Defendants Parker H. Petit and William C. Taylor each take no position on the terms of this Disclosure Stipulation and Protective Order;

WHEREAS, under Fed. R. Evid. 502(d), this Court may order that the production of the Documents in this litigation does not operate as a waiver of any privilege or protection in this case or any other federal or state proceeding;

WHEREAS, the Court finds that the issuance of this Disclosure Stipulation and Protective Order is in furtherance of the interests of justice;

WHEREAS, MiMedx intends to waive the attorney-client privilege and/or work-product protection only with respect to the Documents as produced and only with respect to this proceeding, and not with respect to any other documents, communications, or information, whether or not related to this proceeding;

WHEREAS, it would not be unfair under Rule 502(a) of the Federal Rules of Evidence for a party to consider the Documents without any other documents, communications, or information, whether or not related to the proceeding, that may be subject to a claim of attorney-client privilege and/or work-product protection;

WHEREAS, the Receiving Parties' use of the Documents in this Action will be governed by the terms of this Disclosure Stipulation and Protective Order and the Stipulated Protective Order issued on May 22, 2020, in this Action (the "May 22, 2020, Protective Order");

WHEREAS, MiMedx intends to produce the Documents only to the Receiving Parties pursuant to this Disclosure Stipulation and Protective Order and the May 22, 2020, Protective Order and the Receiving Parties agree to maintain the confidentiality of the Documents pursuant to those Orders; and

WHEREAS, to the extent that any of the Receiving Parties is subpoenaed or required by any court or any other entity or person purporting to have authority to require the disclosure of any of the Documents, that party will notify MiMedx of the contemplated disclosure; before the party takes any action to comply with the subpoena or request, the party shall give MiMedx a reasonable period of time in which to seek to quash, limit, or object to the subpoena or request, or to move for any protection for the Documents; if the disclosure is required by law or court order, the party will undertake reasonable efforts to ensure that such disclosure is accomplished pursuant to a protective order limiting the use of the Documents to the proceeding in which they are received, including any related appeals.

NOW, THEREFORE, upon consideration of the record and proceedings herein and the stipulation of the parties;

IT IS HEREBY STIPULATED AND ORDERED, pursuant to Rules 502(a), (d), (e), (f), and (g) of the Federal Rules of Evidence, as follows:

A.  By entering into this Disclosure Stipulation and Protective Order and by producing the Documents, MiMedx shall not be deemed to have waived the attorney-client privilege or work-product protection, except as set forth above and only then with respect to this proceeding, *see* Fed. R. Evid, 502(d), nor shall MiMedx be deemed to have waived, under Fed. R. Evid, 502(a), any attorney-client privilege, work-product protection, or other applicable privilege with respect to any undisclosed information;

B.  This Disclosure Stipulation and Protective Order does not affect any claim of attorney-client privilege and/or work product protection held by persons or parties other than MiMedx;

      C.      Pursuant to Fed. R. Evid, 502(d), the production of the Documents pursuant to this Disclosure Stipulation and Protective Order and the May 22, 2020, Protective Order, shall not be considered to be a waiver in any other federal or state proceeding;

      D.      This Disclosure Stipulation and Protective Order and the effect of the disclosure made pursuant to this Order in any other proceeding, investigation, or litigation shall be determined under federal law as interpreted by the United States Court of Appeals for the Second Circuit;

      E.      This Disclosure Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

IT IS FURTHER ORDERED that MiMedx shall produce the Documents to the Receiving Parties within seven (7) days of the entry by the Court of this Stipulation and [Proposed] Order.

DATED: May 20, 2022

STIPULATED AND AGREED:

**SIDLEY AUSTIN LLP**

By: __/s/__ David M. Rody _____
David M. Rody

787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys for MiMedx Group, Inc.*

4

**COHEN & GRESSER LLP**

By:  /s/ Nathaniel P. T. Read
   Mark S. Cohen
   Nathaniel P. T. Read
   Joanna K. Chan

   800 Third Avenue
   New York, New York 10022
   (212) 957-7600

*Attorneys for Michael J. Senken*

**SECURITIES AND EXCHANGE COMMISSION**

By:  /s/ Mark L. Williams

   Mark L. Williams
   (admitted *pro hac vice*)

   1961 Stout Street, 17th Floor
   Denver, Colorado 80294
   (303) 844-1000

**SO ORDERED:**

_____                    5/23/2022
HONORABLE NAOMI REICE BUCHWALD                       DATE
UNITED STATES DISTRICT JUDGE

5

## EXHIBIT A

## DISCLOSURE STIPULATION AND PROTECTIVE ORDER

| Document Name | Document ID |
|---|---|
| Bates numbers corresponding to documents provided to John Cranston by counsel for MiMedx's Audit Committee | MDXG_SEC2021_0000348 |
| Non-privileged documents provided to John Cranston by counsel for MiMedx's Audit Committee that have not yet been produced | MDXG_SEC2021_0000349 - MDXG_SEC2021_0000357 |
| May 23, 2018 presentation | MDXG_SEC2021_0000358 - MDXG_SEC2021_0000428 |
| Bates numbers corresponding to documents underlying the May 23, 2018 presentation | MDXG_SEC2021_0000429 |
| Minutes from MiMedx's June 6, 2018 Board and Audit Committee meetings | MDXG_SEC2021_0000430 - MDXG_SEC2021_0000442 |